Filed 5/22/23 P. v. Reta CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANGEL MATA RETA,<br><br>    Defendant and Appellant. | G062051<br><br>(Super. Ct. No. 16HF0117)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*    *    *

In February 2017, defendant Angel Mata Reta pleaded guilty to attempted murder (Penal Code,[1] §§ 664, subd. (a), 187, subd. (a), count 1). During the same proceeding, he admitted he personally used a deadly weapon (§ 12022, subd. (b)(1)), and personally inflicted great bodily injury (§ 12022.7 subd. (a)) (GBI). The court then sentenced Reta to seven years on the attempted murder charge and three years consecutive on the GBI enhancement for an aggregate term of ten years.

In July 2022, Reta petitioned the court for resentencing pursuant to former section 1170.95 (later renumbered § 1172.6). That petition was denied in November of 2022. Reta now appeals from the trial court's denial of his petition.

We appointed counsel to represent Reta on appeal. After conducting her analysis of potential appellate issues, appointed counsel informed us in her declaration that she consulted with a staff attorney at Appellate Defenders, Inc. Counsel filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against her client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done. She also directed this court's attention to the following possible issue: "Whether the trial court erred in denying Reta's petition for resentencing at the prima facie stage under section 1172.6."

Counsel advised Reta of his right to file a written argument on his own behalf; he has not done so. Although Reta has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

---

[1] All statutory references are to the Penal Code.

**FACTS**

We derive the following facts from a review of Reta's preliminary hearing transcript which is part of the appellate record.

On January 22, 2016, Reta was affiliated with a criminal street gang in south Orange County. That day he and two of his associates drove from San Juan Capistrano to San Clemente in search of a rival gang member. When they found victim John Doe, they believed he was such a rival. Reta then exited the vehicle, chased John Doe, and stabbed him in the back with a knife.

**DISCUSSION**

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) was enacted to limit the scope of the traditional felony murder rule. It also eliminated the natural and probable consequences theory for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Pursuant to Senate Bill 1437, murder liability can no longer be "imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Lewis*, at page 959.) Senate Bill 1437 also added section 1170.95 (later renumbered § 1172.6), which created a procedure through which a "person convicted of felony murder or murder under the natural and probable consequences doctrine" can petition for relief. (§ 1172.6, subd. (a).)

Reta filed such a petition. Pursuant to section 1172.6, he was then required to make a prima facie showing in the trial court that he is entitled to the relief he seeks. (*Lewis, supra*, 11 Cal.5th at p. 960.) The Supreme Court observed in *Lewis* that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis,* at p. 971.)

3

The trial court, as required by the statute and *Lewis*, held a prima facie hearing; it then denied Reta's petition. In its written ruling, the court observed, "The Factual Basis of the Tahl form constitutes the gravamen here." After reviewing the entire record, we agree.

The form executed by Reta at the time he entered his guilty plea complied with the requirements set forth in *In re Tahl* (1969) 1 Cal.3d 122. Under penalty of perjury, Reta admitted the following: "I did unlawfully & with the specific intent to kill, attempt to murder John Doe, a human being. When I did so, I personally used a knife, a dangerous & deadly weapon, and personally inflicted great bodily injury upon the person of John Doe, who was not my accomplice when I committed the above-described offense." In the same form Reta informed the court, "I am entering a guilty plea because I am in fact guilty and for no other reason."

The *Tahl* form in this case, which is clearly part of Reta's "record of conviction," presented the trial court with irrefutable proof that Reta harbored a specific intent to kill John Doe when he stabbed him in the back. As a result, his conviction survives the changes to sections 188 and 189.

We have examined the entire record in this case and, like counsel, have found no other arguable issue on appeal.

## DISPOSITION

The postjudgment order is affirmed.


                                                    GOETHALS, P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.